Per Curiam.

The petitioner, Clifford Folenius, appellee herein, instituted this action in the Court of Appeals by the filing of a petition in habeas corpus seeking his release from the Ohio Penitentiary. The Court of Appeals ordered that the petitioner be released. An appeal as of right brings the cause to this court for review.
Folenius is serving a sentence imposed by the Common Pleas Court of Butler County following his conviction for a violation of Section 3719.16, Revised Code (128 Ohio Laws, 1046), which, so far as pertinent, provided:
“No person shall obtain or attempt to obtain, under the exemptions of Section 3719.15 of the Revised Code, more than one preparation exempted by the provisions of that section ivithin forty-eight (48) consecutive hours.” (Emphasis ours.)
The indictment against Folenius read, in part, as follows:
“ * * * on or about the 3rd day of March in the year of our Lord one thousand nine hundred and sixty at the county of Butler aforesaid, did unlawfully obtain more than one preparation, *104 exempted under Sec. 3719.15, O. R. C., to wit: paregoric, within 48 consecutive hours, contrary to Section 3719.16 of the Revised Code of Ohio, and against the peace and dignity of the state of Ohio.”
Neither the petitioner nor the respondent disputes the fact that paregoric is one of the preparations exempted under Section 3719.15, Revised Code.
Rather, the petitioner argues that paregoric, even though purchased more than once within 48 hours, cannot be called “more than one preparation,” and, hence, that the indictment against him did not charge a crime.
On the other hand, the respondent argues that each purchase of paregoric constitutes an obtaining of a preparation exempted under Section 3719.15, Revised Code, and that when two purchases, each of one ounce of paregoric, are made within 48 consecutive hours, each such purchase is the obtaining of a preparation within the contemplation of the statute.
In weighing the respective arguments, our examination of Section 3719.16, Revised Code, and related sections of the Uniform Narcotic Drug Act leads inescapably to the conclusion that the contention of the respondent is in complete accord with the manifest intent of the General Assembly.
"We are mindful of the rule requiring a strict construction of penal statutes, but this rule has no application where the legislative intent is clear. In the present case, the dual implication ascribed to the single word, “preparation,” in no way obscures the evident meaning and purpose of the legislation under which the petitioner was indicted.
Inasmuch as the indictment charged that the petitioner did obtain more than one preparation of paregoric within 48 consecutive hours, it did charge a crime, and relief by habeas corpus should have been denied. The judgment is, therefore, reversed, and the petitioner remanded to custody.

Judgment reversed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Kerns, 0’Neill and Griffith, JJ., concur.
Kerns, J., of the Second Appellate District, sitting by designation in the place and stead of Herbert, J.